

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SIRVA, INC., BRIAN P. KELLEY, JOAN E. RYAN, JAMES W. ROGERS, RICHARD J. SCHNALL, CARL T. STOCKER, CREDIT SUISSE FIRST BOSTON LLC, GOLDMAN, SACHS & CO., DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., J.P. MORGAN SECURITIES INC., BANC OF AMERICA SECURITIES LLC, MORGAN STANLEY & CO. INCORPORATED, PRICEWATERHOUSECOOPERS LLP, and CLAYTON DUBILIER & RICE, INC.<br><br>　　　　　Defendants. | No. 04 C-7644<br>Judge Ronald A. Guzmán |

## ORDER AND FINAL JUDGMENT

On the 2nd day of October, 2007, a hearing having been held before Magistrate Judge Denlow to determine: whether the terms and conditions of the Settlement Agreement filed on June 20, 2007 are fair, reasonable and adequate for the settlement of all claims asserted by Plaintiff on behalf of the Settlement Class against Defendants in the Action now pending in this Court under the above caption, including the release of Defendants and the Releasees, and should be approved; whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Settlement Class who have not requested exclusion therefrom; whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and whether and in what amount to award Lead Counsel fees and reimbursement of expenses. The Court having heard from Magistrate Judge Denlow, having

reviewed his Report and Recommendation, and considered all matters submitted at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of SIRVA, Inc. ("SIRVA") through any public offering or on the open market between November 25, 2003 and January 31, 2005, inclusive ("Settlement Class Period"), as shown by the records of SIRVA's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Businesswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Class Representative, all Settlement Class Members, and Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; ii) there are questions of law and fact common to the Settlement Class; iii) the claims of the Class Representative are typical of the claims of the Settlement Class it seeks to represent; iv) the Class Representative has represented, and will represent, fairly and adequately the interests of the Settlement Class; v) the questions of law and fact common to the members of the Settlement

2

Class predominate over any questions affecting only individual members of the Settlement Class; and vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action on behalf of a Settlement Class consisting of all persons or entities who purchased or otherwise acquired the common stock of SIRVA through any public offering or on the open market between November 25, 2003 and January 31, 2005, inclusive. Excluded from the Class are: (a) such persons or entities who have submitted valid and timely requests for exclusion from the Settlement Class in accordance with the procedures set out in Section VI of the Settlement Agreement and described in the Notice (as listed on Exhibit 1 annexed hereto); (b) such persons or entities who are Defendants, Family Members of the Individual Defendants, or the legal representatives, heirs, executors, successors, assigns or majority-owned affiliates (including without limitation Clayton, Dubilier & Rice Fund V Limited Partnership ("CD&R Fund V") and Clayton, Dubilier & Rice Fund VI Limited Partnership ("CD&R Fund VI")) of any such excluded person or entity; or (c) any directors or officers of any such excluded person or entity during the Settlement Class Period.

4. Notice of the pendency of this Action as a class action and of the terms and conditions of the Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of such notice to the Settlement Class: (a) met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7)—as amended by the Private Securities

Litigation Reform Act of 1995—due process, and any other applicable law; (b) constituted the best notice practicable under the circumstances; and (c) constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Settlement Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

6. The Complaint, which the Court finds was filed in good faith in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice with each party paying his, her or its own costs of court, except as provided in the Settlement Agreement.

7. "Releasees" means all of the following: (a) SIRVA, CD&R, PwC, the Underwriter Defendants, the Insurers (as defined in the Settlement Agreement) and all of their predecessors and present and former parents, subsidiaries and Affiliates, and each and all of their respective past and present directors, managing directors, officers, employees, members, partners, principals, agents, attorneys, advisors, insurers, trustees, administrators, fiduciaries, consultants, representatives, accountants and auditors (including Ernst & Young LLP); and (b) all investment funds sponsored by CD&R, including, without limitation, CD&R Fund V and CD&R Fund VI; and (c) the Individual Defendants and each of their heirs, executors, trusts, trustees, administrators and assigns.

4

8. Class Representative and members of the Settlement Class are hereby permanently barred and enjoined from instituting, commencing or prosecuting any Claim or Unknown Claim, whether arising under any federal, state, or foreign statutory or common law or rule—including, without limitation, any Claim or Unknown Claim for negligence, gross negligence, negligent misrepresentation, indemnification, breach of contract, breach of any duty, or fraud—that has been, could have been, or could be asserted against any of the Releasees at any time by or on behalf of Lead Plaintiff or any Settlement Class Member, in any capacity, in the Action or in any court, tribunal, or other forum of competent jurisdiction, arising out of or related, directly or indirectly, to the purchase, acquisition, exchange, retention, transfer or sale of, or Investment Decision involving, SIRVA common stock during the Settlement Class Period, or to other matters and facts at issue in the Action. ("Released Claims") Without limiting the generality of the foregoing, the term Released Claims includes, without limitation, any Claims or Unknown Claims arising out of or relating to: (i) any or all of the acts, failures to act, omissions, facts, events, matters, transactions, occurrences, statements, or representations that have been, could have been or could be directly or indirectly alleged, complained of, asserted, described, or otherwise referred to in this Action; (ii) the contents of any prospectus or SEC Filing relating to SIRVA common stock or SIRVA, including the Registration Statements dated November 24, 2003 and June 10, 2004, during or relating to the Settlement Class Period; (iii) any forward-looking statement made by any of the Releasees during or relating to the Settlement Class Period that have been, could have been or could be directly or indirectly alleged, embraced, complained of, asserted, described, set forth or otherwise referred to in this Action; (iv) any adjustments of financial information of SIRVA during or relating to the Settlement Class Period; (v) any

statements or disclosures of any sort made by any of the Releasees during, or relating in any way to, the Settlement Class Period to any person or entity, or to the public at large, regarding, without limitation, SIRVA's business, its financial condition, its operational results and/or its financial or operational prospects, including, without limitation, any prospectus, press releases and/or press reports, earnings calls, memoranda (whether internally or externally circulated), and presentations to analysts, rating agencies, creditors, banks or other lenders, investment bankers, broker/dealers, investment advisors, investment companies, SIRVA employees, potential investors and/or shareholders; (vi) any internal and/or external accounting and/or actuarial memoranda, reports or opinions relating to SIRVA prepared by or for any of the Releasees during, or relating in any way to, the Settlement Class Period; (vii) SIRVA's accounting practices and procedures, internal accounting controls and recordkeeping practices during or relating in any way to the Settlement Class Period; (viii) any financial statement, audited or unaudited, and any report or opinion on any financial statement relating to SIRVA that was prepared or issued by or for any of the Releasees during, or relating in any way to, the Settlement Class Period, or on which any Settlement Class Member allegedly relied (directly or indirectly) during the Settlement Class Period in purchasing, acquiring, exchanging, retaining, transferring, selling or making an Investment Decision with respect to SIRVA common stock; (ix) any statements or omissions by any of the Releasees as to quarterly or annual results of SIRVA during or relating in any way to the Settlement Class Period; (x) any internal accounting controls or internal audits of SIRVA during or relating in any way to the Settlement Class Period; (xi) any purchases, acquisitions, exchanges, sales, transfers or other trading of SIRVA common stock during or relating in any way to the Settlement Class Period by any of the

Releasees, or any acts taken by Releasees to finance or pay for such trades, including, but not limited to, any profits made or losses avoided in connection with such transactions; and (xii) any or all Claims against an individual Releasee that are based upon or arise out of the Releasee's (*a*) status as a director, officer or employee of, or investor in, SIRVA; (*b*) acts or omissions in his or her capacity as a director, officer or employee of, or investor in, SIRVA; (*c*) acts or omissions in his or her or its capacity as a private equity sponsor of SIRVA; (*d*) acts or omissions in his or her or its capacity as an underwriter of SIRVA common stock; or (*e*) acts or omissions in his or her or its capacity as SIRVA's outside auditor or provider of actuarial services. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Releasees on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. The Releasees are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation, including both known Claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Releasees or any of them against any of the Plaintiff, Settlement Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except for claims to enforce the Settlement. All the claims and Unknown Claims of all the Releasees are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. Defendants, all the Releasees, their heirs, executors, administrators, predecessors, successors, Affiliates, attorneys, and assigns, and any person or entity claiming by or through any of them, are hereby permanently barred and enjoined from commencing or prosecuting (and by operation of law and of this Order & Final Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged each other from) any and all Claims and Unknown Claims that they could have asserted against each other relating directly or indirectly to the matters alleged in the Action, including but not limited to (i) any claims for indemnification or contribution arising out of the Action, (ii) any claims for breach of fiduciary duty, (iii) any derivative claims, and (iv) any claims for reimbursement of legal fees or costs incurred in defense of the Action (other than the claims for reimbursement of Joan Ryan referred to in this paragraph); provided that nothing in this paragraph shall act to modify, amend, supersede, discharge, or release the terms of the Underwriting Agreements previously entered into by and between SIRVA and the Underwriter Defendants in connection with SIRVA's IPO and SPO, including provisions therein relating to indemnification. Nothing in this paragraph shall act to release or modify any indemnification obligations owed by SIRVA to CD&R or any of the Individual Defendants (including but not limited to, with respect to the Individual Defendants, any indemnification obligations arising under Delaware law or under SIRVA's Charter or By-laws from and after the Final Settlement Date, and, with respect to CD&R, any indemnification obligations arising under the Indemnification Agreement and the Consulting Agreement both dated March 30, 1998 and the Amended and Restated Consulting Agreement dated January 1, 2001, including any amendments thereto or restatements thereof), except that CD&R shall be deemed to have released and settled any and all Claims and Unknown Claims for

8

indemnification with respect to their obligations pursuant to this Settlement Agreement and with respect to their attorneys' fees and costs in connection with the Action (including such fees and costs incurred in connection with this Settlement Agreement) and except that Joan Ryan shall be reimbursed for reasonable attorneys' fees and expenses related to the Action through the Final Settlement Date.

11. Neither this Order and Final Judgment nor the Settlement Agreement, any of its terms and provisions, the negotiations or proceedings in connection therewith or the documents or statements referred to therein shall be:

(a) offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b) offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal

9

or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Cash Settlement Fund.

12. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Settlement Agreement.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Lead Counsel are hereby awarded 29.85% of the Cash Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $898,103.22 in reimbursement of expenses, which expenses shall be paid to Lead Counsel from the Cash Settlement Fund with interest from the date such Cash Settlement Fund was funded to the date of payment at the same net rate that the Cash Settlement Fund earns. The award of attorneys' fees may be allocated

among all of Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Cash Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $53,300,000.00 in cash that is already on deposit, plus interest thereon, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement achieved by Lead Counsel;

(b) Over 22,907 copies of the Notice were disseminated to putative Settlement Class Members indicating that Lead Counsel was moving for attorneys' fees in an amount not to exceed 33⅓ percent of the Cash Settlement Fund and for reimbursement of expenses in an amount of approximately $950,000 and only a single objection (which was later withdrawn) was filed against the ceiling on the fees and expenses to be requested by Lead Counsel as disclosed in the Notice;

(c) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

11

(e) Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Plaintiff and the Settlement Class may have recovered less or nothing from Defendants;

(f) The amount of attorneys' fees awarded and expenses reimbursed from the Cash Settlement Fund are fair and reasonable and consistent with awards in similar cases.

16. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

SO ORDERED.                             ENTERED: October 31, 2007

HON. RONALD A GUZMAN
United States District Judge

12