

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,<br><br>Lead Plaintiff,<br><br>v.<br><br>SIRVA, INC., BRIAN P. KELLEY, JOAN E. RYAN, JAMES W. ROGERS, RICHARD J. SCHNALL, CARL T. STOCKER, CREDIT SUISSE FIRST BOSTON LLC, GOLDMAN, SACHS & CO., DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., J.P. MORGAN SECURITIES INC., BANC OF AMERICA SECURITIES LLC, MORGAN STANLEY & CO. INCORPORATED, PRICEWATERHOUSECOOPERS LLP, and CLAYTON DUBILIER & RICE, INC.<br><br>Defendants. | No. 04 C-7644<br>Judge Ronald A. Guzmán<br>Magistrate Judge Morton Denlow |

## ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUNDS

Lead Plaintiff, Central Laborers' Pension Fund ("Lead Plaintiff"), by unopposed motion filed on April 23, 2009, moved this Court for an order approving the distribution of the Net Settlement Fund, and the Court having considered the motion and Declaration of Jason Zuena in Support of Lead Plaintiff's Motion for Distribution of Settlement (the "Zuena Declaration"), submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.   The administrative recommendations of the Garden City Group, Inc. ("GCG"), the Court-appointed Claims Administrator, to accept Claims, including the Late Claims, as set forth in Exhibits B-1 and B-2 to the Zuena Declaration, are APPROVED, and the distribution of the Net Settlement Fund to the Authorized Claimants is AUTHORIZED;

2. Wholly ineligible or otherwise deficient Claims, as set forth in Exhibit B-3 to the Zuena Declaration are REJECTED;

3. GCG is directed to distribute 100% of the available balance (after deducting estimated taxes and the costs of preparing appropriate final tax returns) of the Net Settlement Fund to the Authorized Claimants in proportion to their Recognized Claim amounts;

4. All distribution drafts shall bear the following notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

5. In order to allow a final distribution of any balance that may remain in the Settlement Fund after the distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, order the following plan:

    a. If determined by Lead Counsel and GCG to be cost effective, not less than six months after this distribution a further distribution of the Net Settlement Fund shall be conducted, pursuant to which all funds from undeliverable, uncashed, or returned checks, after payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be distributed to Authorized Claimants who cashed their distribution checks and who would receive at least $10 in such further distribution based on their Recognized Claims, with additional redistributions thereafter in six-month intervals until GCG and Lead Counsel determine that further redistribution is not cost-effective; and

    b. As set forth in the Notice of Pendency of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses and Fairness Hearing, at such time as GCG and Lead Counsel determine that further redistribution is not cost-effective,

donation of the balance of the Net Settlement Fund, after payment of any unpaid costs or fees incurred in connection with administering the Net Settlement Fund, to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel;

6. The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and, therefore, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they received or are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or Lead Plaintiff, Counsel for Lead Plaintiff, the Claims Administrator, the escrow agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration of the Settlement beyond the amount allocated to such Class Members;

7. GCG is authorized to destroy the paper copies of the Claim Forms one year after the distribution of the Net Settlement Fund, and to destroy electronic copies of claim records three years after the distribution of the Net Settlement Fund; and

8. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

Dated: May 14, 2009

HONORABLE RONALD A. GUZMAN
UNITED STATES DISTRICT JUDGE

3